UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-2567 JGB (SPx)** | Date | February 15, 2024 |
|---|---|---|---|
| Title | *Irma Rodriguez v. Walmart, Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 11); and (2) VACATING the February 26, 2024 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Irma Rodriguez's motion to remand. ("Motion," Dkt. No. 11.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the motions, the Court **DENIES** the Motion and **VACATES** the February 26, 2024 hearing.

## I. BACKGROUND

On June 30, 2023, Plaintiff Irma Rodriguez ("Plaintiff") filed a complaint in the Superior Court of California for the County of Riverside against Defendant Walmart, Inc. ("Defendant") and Does 1 through 50, inclusive. ("Complaint," Dkt. No. 1-1.) The Complaint alleges two causes of action for general negligence and premises liability arising out of a slip and fall incident. (See Complaint at 4-5.)

On December 15, 2023, Defendant removed the action based on diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.) On January 12, 2024, Plaintiff filed the Motion. (See Motion.) In support of the Motion, Plaintiff filed the declaration of attorney Irving Pedroza ("Pedroza Decl.," Dkt. No. 11) with attached exhibits ("Pedroza Exs. 1–2," Dkt. No. 11). Defendant opposed the Motion on January 31, 2024. ("Opposition," Dkt. No. 13.) In support of

its Opposition, Defendant filed the declaration of attorney Pilar Torres ("Torres Decl.," Dkt. No. 13) with attached exhibits ("Pilar Exs. 1–7," Dkt. No. 13).[1]

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III.  DISCUSSION

Neither party appears to dispute that this case meets the requirements for diversity jurisdiction as required by 28 U.S.C. §§ 1331 and 1332. (See Motion at 3; Opposition at 3.) Rather, Plaintiff moves to remand on the basis that Defendant failed to timely remove the matter to federal court. (Motion at 2.)

Pursuant to 28 U.S.C. § 1446(b) ("Section 1446(b)"), the first period in which removal may occur is thirty days after receipt of the initial pleading. 28 U.S.C. § 1446(b). However, the statute also provides for a second removal period: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of [Section] 1446(b)(3)." Dietrich v. Boeing Company, 14 F.4th 1089, 1095 (9th Cir. 2021). The

---

[1] In support of its Opposition, Defendant filed evidentiary objections to the declaration of Irving Pedroza and attached exhibits. ("Objections," Dkt. No. 14.) The Court does not rely upon the evidence to which Defendant objects in ruling on this Motion. As such, the Court **DENIES** the Objections as **MOOT**.

crux of the parties' dispute is the point at which Defendant received a paper from which it could ascertain that the amount in controversy exceeded $75,000. (See Motion; Opposition.)

As a threshold matter, it is not facially apparent from the Complaint that the action is removable, so Defendant was not required to remove within the first thirty-day period. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010) ("The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face."). Here, the Complaint does not specify the amount of damages sought, and requests damages "according to proof" rather than in a specific dollar amount. (Complaint at 3.) Because the Complaint does not provide an amount of damages, it is not removable on its face.

The Court therefore considers when the second removal period began. The parties agree that Defendant filed an answer in state court to Plaintiff's Complaint on August 17, 2023. (Pedroza Decl. ¶ 5; Torres Decl. ¶ 6.) That same day, Defendant served its first set of discovery, to which Plaintiff replied on September 19, 2023. (Torres Decl. ¶¶ 8-9; Pedroza Decl. ¶ 6.) Plaintiff argues this first set of discovery responses provided "substantial evidence to show that the claim and damages claimed were well over $75,000," which Defendant "acknowledg[ed]" by attempting to meet and confer with Plaintiff after the receipt of the discovery. (Motion at 3.) Defendant, however, contends that the discovery "only revealed that Plaintiff's special damages were $62,363.00" and that it sent a meet and confer letter to discuss "deficiencies" in the discovery responses. (Opposition at 5 n.3, 6.)

The Court agrees that Plaintiff's September 19, 2023 discovery responses, which include medical bills, reveal damages of $62,363.00.[2] (Torres Ex. 1 at 26-37.) These damages are less than the $75,000 threshold required to establish diversity jurisdiction, and they do not "make a ground for removal unequivocally clear and certain" such that Defendant's second time period for removal began upon receipt of the discovery responses. See Dietrich, 14 F.4th at 1095.

---

[2] The Court notes that Pedroza Ex. 2, which Plaintiff states includes "surgery records, medical bills, and other documents" that it provided to Defendant in its September 19, 2023 discovery response, contains duplicative medical bills. (See Pedroza Decl. ¶ 6.) Plaintiff asserts that the medical bills in this exhibit "support Plaintiff's claim was over $75,000," but the second set of medical bills provided appear to already be represented as line items in the first set of medical bills provided from the Coastal Medical Group. (See Pedroza Ex. 2 at 1-4.) As such, the only damages presented in Pedroza Ex. 2 are $54,106.48 from the Coastal Medical Group bills. (Ex. 2 at 1-2.) The Court also questions the accuracy and authenticity of this exhibit, which Plaintiff appears to present as a copy of its responses to Defendant's first discovery request. (See Pedroza Decl. ¶ 6.) First, Defendant submits an exhibit which it also purports is a copy of Plaintiff's responses to the first discovery request. (Torres Decl. ¶ 11.) That exhibit, however, does not match Pedroza Ex. 2 and in fact includes *more* medical bills than Plaintiff's Pedroza Ex. 2. (See Torres Ex. 1.) Moreover, Plaintiff, unlike Defendant, fails to include any attestation that Pedroza Ex. 2 is a "true and correct" copy of its September 19, 2023 discovery responses. (See Pedroza Decl. ¶ 6; Torres Decl. ¶ 9.) The Court admonishes Plaintiff for submitting potentially misleading, and inaccurate, information.

On September 29, 2023, Defendant sent its meet and confer letter to Plaintiff regarding deficiencies in Plaintiff's discovery responses. (Torres Decl. ¶ 11; Pedroza Decl. ¶ 7.) While Plaintiff's timeline and arguments end there, Defendant asserts that, on October 5, 2023, Plaintiff responded to the letter with supplemental discovery responses that "provided no additional documents that were not . . . previously produced." (Torres Decl. ¶ 13.) The Court's review of these responses reveals no basis for additional damages. (See Torres Ex. 3.) On October 19, 2023, Defendant states that it sent Plaintiff another meet and confer letter, to which Plaintiff responded on October 27, 2023. (Torres Decl. ¶¶ 14-15.) Defendant contends—and based on a review of the October 27, 2023 responses, the Court agrees—that Plaintiff's discovery failed to include exhibits referenced in the responses. (See Torres Ex. 5.) From November 7, 2023, to November 15, 2023, Defendant sent Plaintiff five emails requesting the exhibits that Plaintiff had failed to provide. (Torres Ex. 6.) On November 15, 2023, Plaintiff produced the missing exhibits. (Torres Ex. 7.)

Plaintiff's November 15, 2023 discovery included additional medical bills that brought the amount in controversy to $88,719.48, above the $75,000 amount in controversy threshold. (See Torres Ex. 7; Torre Decl. ¶ 18.) At that point, it was "unequivocally clear and certain" that the amount in controversy exceeded the threshold required for diversity jurisdiction, and Defendant's second time period to remove began. See Dietrich, 14 F.4th at 1095.

Defendant removed the action to this Court on December 15, 2023—exactly thirty days after it received Plaintiff's missing exhibits. (Notice of Removal.) As such, Defendant met the requirement for removal under Section 1446(b).

Accordingly, the Court finds that removal was proper and **DENIES** the Motion.

## IV.   CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion to remand. The Court **VACATES** the February 26, 2024 hearing.

**IT IS SO ORDERED.**